# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MERCURY ENTERPRISES, INC.,**
A Florida corporation,

    Plaintiff,

v.                                                       Case No. _____

**VESTA MANAGEMENT GROUP, LLC**
**d/b/a MERCURY MEDICAL SYSTEMS,**      **Injunctive Relief Sought**
a Michigan Limited Liability Company,      **And Demand for Jury Trial**

    Defendant.
_____/

## COMPLAINT

Plaintiff MERCURY ENTERPRISES, INC. (hereinafter "Mercury Medical"), by and through its undersigned attorneys, files this Complaint seeking damages and injunctive and related relief against Defendant VESTA MANAGEMENT GROUP, LLC d/b/a MERCURY MEDICAL SYSTEMS (hereinafter "Vesta"), and alleges:

1. Plaintiff is a Florida corporation located at 11300 49th Street North, Clearwater, FL 33762.

2. Upon information and belief, Defendant Vesta is a Michigan Limited Liability Company located at 8231 Bay Colony Drive, Suite 901, Naples, FL 34108.

## JURISDICTION AND VENUE

3. This Court has substantive jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because the claims alleged arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because

Defendant conducts business in, and otherwise has substantial contacts with, the State of Florida. Additionally, Defendant has a physical office located at 8231 Bay Colony Drive, Suite 901, Naples, FL 34108. As such, a substantial part of the events giving rise to the claims alleged occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is a leading manufacturer, distributor, and supplier of medical and surgical equipment. For more than thirty years, Plaintiff has provided its customers with high quality medical products by understanding each of its customer's needs and fulfilling those needs with sensitivity, professionalism, high ethics, and optimal quality in its medical products and service.

6. Known for its extensive line of medical supplies and surgical equipment, Plaintiff distributes and sells medical products to virtually every segment of the medical market. Plaintiff distributes and sells its medical supplies and surgical equipment to hospitals, clinics, emergency medical service providers, and home care service providers throughout all fifty United States and internationally. Plaintiff's medical supply brands include Air-Vu®, EZflow®, Flex-Link®, Flow-Safe®, StatCO2®, Neo-Tee®, and Upsher®, among others.

7. Plaintiff manufactures, distributes, and sells its high quality medical supplies and surgical equipment under the trademarks Mercury® and Mercury Medical®. Plaintiff, under its Mercury® and Mercury Medical® brands, is one of the largest suppliers of medical and surgical equipment. Plaintiff provides an array of goods in connection with its Mercury® and Mercury Medical® brands. The Mercury® and Mercury Medical® brands have become famous and symbolize Plaintiff's high quality medical supplies and surgical equipment.

8. Plaintiff is the owner of the Mercury trademark, U.S. Reg. No. 1,557,794 ("the '794 registration" or "the Mercury® trademark"), for a full line of medical equipment and supplies identified by a housemark.  The '794 registration is valid and enforceable. A copy of the '794 registration particulars as detailed on the USPTO Trademark Applications and Registrations Retrieval ("TARR") online database is attached hereto as **Exhibit A**.

9. Plaintiff first used the Mercury® trademark for Plaintiff's full line of medical equipment and supplies at least as early as November 17, 1970.

10. Plaintiff is the owner of the Mercury Medical word mark, U.S. Reg. No. 1,694,194 ("the '194 registration" or "the Mercury Medical® trademark"), for medical and surgical equipment and supplies; namely, anesthesia and respiratory apparatus, suction devices, needles, stethoscopes, sphygmomanometers, laryngoscopes, medical hose assemblies and adjustable medical chairs.  The '194 registration is valid and enforceable. A copy of the '194 registration particulars as detailed on the USPTO TARR online database is attached hereto as **Exhibit B**.

11. Plaintiff first used the Mercury Medical® trademark for Plaintiff's medical and surgical equipment and supplies at least as early as July 15, 1988.

12. Plaintiff is the owner of the Mercury Medical stylized design mark, U.S. Reg. No. 3,735,214 ("the '214 registration" or "the Mercury Medical® stylized trademark"), for medical and surgical equipment and supplies, namely, anesthetic delivery apparatus and respiratory apparatus, suction devices for removing body fluids from lungs, stethoscopes, sphygmomanometers, laryngoscopes, medical hose assemblies for attaching the identified apparatus to the suction and delivery devices.  The '214 registration is valid and enforceable.  A copy of the '214 registration particulars from the USPTO TARR online database is attached

hereto as **Exhibit C**.

13. Plaintiff first used the Mercury Medical® stylized trademark for Plaintiff's medical and surgical equipment and supplies at least as early as April 30, 2009.

14. Plaintiff markets and sells its medical supplies and surgical equipment under the Mercury® trademark, the Mercury Medical® trademark, and the Mercury Medical® stylized trademark (collectively referred to as "Mercury family of trademarks"). As such, the Mercury family of trademarks is a valuable asset of Plaintiff and the goodwill Plaintiff enjoys from its high quality goods sold under the trademarks.

15. Use of Plaintiff's Mercury family of trademarks by authorized entities is governed by Plaintiff's Trademark Usage Policy. A copy of Plaintiff's Trademark Usage Policy is attached hereto as **Exhibit D**.

16. Since the dates of first use of the Mercury family of trademarks, Plaintiff has engaged in numerous activities to enhance market recognition, product awareness, and demand for Plaintiff's goods using the Mercury family of trademarks and sold throughout the United States and internationally.

17. In order to establish, promote, and market the Mercury family of trademarks, Plaintiff developed at great effort and expense, a significant number of catalogs, desk references, and educational materials for Plaintiff's products.

18. Plaintiff also developed a website, http://mercurymed.com, using the Mercury family of trademarks. The website displays images of Plaintiff's products associated with the Mercury family of trademarks. Plaintiff currently publishes more than 250 catalogs using the Mercury family of trademarks on its website as part of the *Anesthesia Desk Reference*, the *Biomedical*

*Desk Reference*, and the *Respiratory Desk Reference*.  Plaintiff also publishes the *Medical Gas Fittings* catalog and educational literature for medical emergency situations using the Mercury family of trademarks.  Screenshots of Plaintiff's website evidencing titles of catalogs, desk references, and educational materials published using the Mercury family of trademarks are attached hereto as **Exhibit E**.

19. Plaintiff has expended a substantial amount of time and money in advertising, marketing, and promoting its Mercury family of trademarks.  Through such sales and advertising, Plaintiff has generated substantial goodwill and customer recognition in the Mercury family of trademarks.

20. As a result of Plaintiff's continuous and uninterrupted use of, exhaustive advertising efforts for, and countless expenditures on the Mercury family of trademarks for more than thirty years, the consuming public associates the Mercury family of trademarks exclusively with Plaintiff.  Copies of articles and information from trade journals and newspapers describing Plaintiff's business and evidencing the public's association of the Mercury family of trademarks exclusively with Plaintiff are attached as **Exhibit F.**

21. Upon information and belief, Defendant provides personalized coding, federal and State billing, collections, and electronic health recording systems all for use with the medical industry (hereinafter "medical systems").

22. Defendant uses the mark Mercury Medical to advertise, promote, and market its medical systems.

23. Upon information and belief, Defendant created a web site at http://mercurymedical.org on August 6, 2009 to advertise its medical systems using the Mercury Medical mark.

24. Defendant currently uses the Mercury Medical mark to advertise its medical systems on the website http://mercurymedical.org. A screenshot of Defendant's http://mercurymedical.org website is attached hereto as **Exhibit G**.

25. Plaintiff generated the valuable goodwill attributable to the Mercury family of trademarks long before Defendant's use of the Mercury Medical mark.

26. As a result of the extensive sales, advertising, and promotion of Plaintiff's goods under the Mercury® trademark for more than thirty years and under the Mercury Medical® trademark for more than twenty years, the Mercury family of trademarks has become, prior to Defendant's use of the Mercury Medical mark, distinctive and famous under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Moreover, through the medical industry's widespread use of Plaintiff's goods, these goods have come to be, and now are, well and favorably known under the Mercury family of trademarks as symbolizing goods of only the utmost quality.

27. Long before Defendant's use of the Mercury Medical mark, Plaintiff adopted, first used, and registered the Mercury® trademark and the Mercury Medical® trademark. Since then, Plaintiff has continuously used and has not abandoned the Mercury family of trademarks. Defendant's use of the Mercury Medical mark is without the consent and permission of Plaintiff.

28. As of the registration date of September 26, 1989, Defendant had constructive notice of the '794 registration.

29. As of the registration date of June 16, 1992, Defendant had constructive notice of the '194 registration.

30. The goods and services which Defendant advertises, promotes, and markets under the

Mercury Medical mark are identical or closely related to the goods in which Plaintiff uses its Mercury family of trademarks and for which Plaintiff owns prior registrations.

31. The likelihood that consumers may erroneously believe that Defendant's medical systems and services are in some way associated with, sponsored by, or licensed by Plaintiff, injures the Mercury family of trademarks and the goodwill Plaintiff has worked to establish for more than thirty years.

32. On or about August 30, 2011, Plaintiff notified Defendant in writing of Plaintiff's ownership in the Mercury Medical® trademark and the Mercury Medical® stylized trademark requesting that Defendant abandon its unauthorized use of the Mercury Medical mark. A copy of Plaintiff's August 30, 2011 letter and delivery confirmation is attached hereto as **Exhibit H**.

33. On or about September 9, 2011, Plaintiff received Defendant's letter dated September 6, 2011, which provided no meaningful response regarding Defendant's unauthorized use of the Mercury Medical mark. A copy of Defendant's September 9, 2011 letter is attached hereto as **Exhibit I**.

34. Despite Plaintiff's written notice on or about August 30, 2011 and subsequent notices on or about September 30, 2011 and November 11, 2011, Defendant knowingly and willfully continues to use the Mercury Medical mark to advertise and sell its medical systems. Copies of Plaintiff's September 30, 2011 letter and November 11, 2011 letters and delivery confirmations are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

## COUNT I
### Trademark Infringement of the '794 Registration, 15 U.S.C. § 1114

35. Plaintiff re-alleges paragraphs 1 – 34 above.

36. Plaintiff has used the Mercury® trademark in U.S. commerce prior to Defendant's adoption and/or use of the Mercury Medical mark. Moreover, Plaintiff registered the Mercury® trademark prior to Defendant's adoption and/or use of the Mercury Medical mark.

37. Defendant's use in commerce of the Mercury Medical mark for medical systems is likely to confuse, to cause mistake, or to deceive the public into believing, contrary to the truth, that the unauthorized activities of Defendant are licensed by, sponsored by, authorized by, affiliated with, or otherwise approved by Plaintiff. Consumers are likely to purchase Defendant's products incorrectly believing that such products are provided by, endorsed by, or affiliated with Plaintiff. As such, Defendant's use in commerce of the Mercury Medical mark for its medical systems creates a likelihood of confusion with the Mercury® trademark for Plaintiff's medical products. Such continued use of the Mercury Medical mark by Defendant infringes Plaintiff's exclusive rights in the Mercury® trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Upon information and belief, Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

39. Plaintiff has been irreparably injured and will continue to be irreparably injured as a direct and proximate result of Defendant's conduct. Plaintiff lacks an adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue. Plaintiff's injury is not fully compensable by monetary damages and warrants injunctive relief pursuant to 15 U.S.C. § 1116.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to the valuable Mercury® trademark, and other damages in an amount to be proved at trial.

## COUNT II
### Trademark Infringement of the '194 Registration, 15 U.S.C. § 1114

41.     Plaintiff re-alleges paragraphs 1 – 34 above.

42.     Plaintiff has used the Mercury Medical® trademark in U.S. commerce prior to Defendant's adoption and/or use of the Mercury Medical mark.  Moreover, Plaintiff registered the Mercury Medical® trademark prior to Defendant's adoption and/or use of the Mercury Medical mark.

43.     Defendant's use in commerce of the Mercury Medical mark for medical systems is likely to confuse, to cause mistake, or to deceive the public into believing, contrary to the truth, that the unauthorized activities of Defendant are licensed by, sponsored by, authorized by, affiliated with, or otherwise approved by Plaintiff.  Consumers are likely to purchase Defendant's products incorrectly believing that such products are provided by, endorsed by, or affiliated with Plaintiff.  Because of this belief, Defendant's use in commerce of the Mercury Medical mark for its medical systems creates a likelihood of confusion with the Mercury Medical® trademark for Plaintiff's medical products.  Such continued use of the Mercury Medical mark by Defendant infringes Plaintiff's exclusive rights in the Mercury Medical® trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44.     Upon information and belief, Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

45.     Plaintiff has been irreparably injured and will continue to be irreparably injured as a direct and proximate result of Defendant's conduct. Plaintiff lacks an adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts

are allowed to continue. Plaintiff's injury is not fully compensable by monetary damages and warrants injunctive relief pursuant to 15 U.S.C. § 1116.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to the valuable Mercury Medical® trademark, and other damages in an amount to be proved at trial.

## COUNT III
### Trademark Infringement of the '214 Registration, 15 U.S.C. § 1114

47. Plaintiff re-alleges paragraphs 1 – 34 above.

48. Upon information and belief, Plaintiff has used the Mercury Medical® stylized trademark in U.S. commerce prior to Defendant's adoption and/or widespread use of the Mercury Medical mark. Moreover, upon information and belief, Plaintiff applied for the '214 registration prior to Defendant's adoption and/or widespread use of the Mercury Medical mark.

49. Defendant's use in commerce of the Mercury Medical mark for medical systems is likely to confuse, to cause mistake, or to deceive the public into believing, contrary to the fact, that the unauthorized activities of Defendant are licensed by, sponsored by, authorized by, affiliated with, or otherwise approved by Plaintiff. Consumers are likely to purchase Defendant's products incorrectly believing that such products are provided by, endorsed by, or affiliated with Plaintiff. As such, Defendant's use in commerce of the Mercury Medical mark for its medical systems creates a likelihood of confusion with the Mercury Medical® stylized trademark for Plaintiff's medical products. Such continued use of the Mercury Medical mark by Defendant infringes Plaintiff's exclusive rights in the Mercury Medical® stylized trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50. Upon information and belief, Defendant's acts were done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

51. Plaintiff has been irreparably injured and will continue to be irreparably injured as a direct and proximate result of Defendant's conduct. Plaintiff lacks an adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue. Plaintiff's injury is not fully compensable by monetary damages and warrants injunctive relief pursuant to 15 U.S.C. § 1116.

52. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to the valuable Mercury Medical® stylized trademark, and other damages in an amount to be proved at trial.

### COUNT IV
### False Designation of Origin, False or Misleading Description of Fact, False or Misleading Representation of Fact  15 U.S.C. § 1125(a)

53. Plaintiff re-alleges paragraphs 1 – 34 above.

54. This is an action for damages and injunctive relief pursuant to 15 U.S.C. §§ 1125 and 1116.

55. Plaintiff's Mercury family of trademarks has become closely associated by the general public with Plaintiff's medical products by virtue of its broad and extensive use in print and online advertising and product labeling.

56. Subsequent to the dates of first use of the Mercury family of trademarks, Defendant has commenced use in commerce of a confusingly similar mark, Mercury Medical, for medical systems directed to the medical industry.

57. For all intents and purposes, Defendant's infringing mark is identical to Plaintiff's

Mercury Medical trademark.  Moreover, Defendant's website, http://mercurymedical.org/, which is used to advertise Defendant's goods and services, is nearly identical to Plaintiff's website, http://mercurymed.com/.  Defendant's use of a virtually identical website to advertise and sell systems and services directed to the medical industry increases the likelihood that consumers will be confused into thinking that Defendant's products are licensed by, sponsored by, authorized by, affiliated with, or otherwise approved by Plaintiff.

58.     Despite Plaintiff's notice of ownership rights in the Mercury family of trademarks to Defendant, Defendant continues to knowingly and willfully use, and misappropriate, Plaintiff's mark to advertise and sell Defendant's medical systems.

59.     Defendant's use in commerce of the Mercury Medical mark for medical systems, and Defendant's misappropriation of Plaintiff's Mercury and Mercury Medical trademarks, is likely to confuse or deceive the public into believing, contrary to the fact, that Defendant's medical products and services are licensed by, sponsored by, authorized by, affiliated with, or otherwise approved by Plaintiff.

60.     Defendant's acts were done knowingly and/or intentionally and/or recklessly and without regard to Plaintiff rights in the Mercury and Mercury Medical trademarks.  Moreover, Defendant's acts are likely to cause confusion, or to cause mistake, or to deceive all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.     Defendant's acts constitute false or misleading descriptions, false advertising, and/or false designations of the origin and/or sponsorship of Defendant's goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Plaintiff has been irreparably injured and will continue to be irreparably injured as a

direct and proximate result of Defendant's conduct. Plaintiff lacks an adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue. Plaintiff's injury is not fully compensable by monetary damages. Thus, Plaintiff's injury warrants injunctive relief pursuant to 15 U.S.C. § 1116.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to the valuable Mercury family of trademarks, and other damages in an amount to be proved at trial.

## COUNT V
### Trademark Dilution 15 U.S.C. § 1125(c)

64. Plaintiff re-alleges paragraphs 1 – 63 above.

65. The Mercury family of trademarks has become famous and distinctive throughout the United States, and worldwide, through Plaintiff's continuous and exclusive use of the trademarks in connection with Plaintiff's medical goods.

66. Plaintiff always uses the Mercury family of trademark in connection with Plaintiff's medical goods. Because Plaintiff's Mercury family of trademarks has gained a reputation for superior quality, durability, and performance, the Mercury family of trademarks has gained substantial renown.

67. Defendant has misappropriated and continues to misappropriate the Mercury family of trademarks in connection with advertisement, promotion, and sale of Defendant's products and services.

68. Defendant's misappropriation of the Mercury family of trademarks has caused and continues to cause irreparable injury to, and actual dilution of, the distinctive quality of the

13

Mercury family of trademarks in violation of Plaintiff's rights under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendant's wrongful misappropriation of the Mercury family of trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Mercury family of trademarks.

69. Defendant has used and continues to use the Mercury family of trademarks willfully, with the intent to dilute the Mercury family of trademarks, and with the intent to trade on the reputation and goodwill of Plaintiff and the Mercury® and Mercury Medical® brands. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

70. As a direct and proximate result of Defendant's conduct, Plaintiff has been irreparably injured and will continue to be irreparably injured. Additionally, Plaintiff's Mercury family of trademarks will continue to be diluted.  Plaintiff lacks an adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue. Plaintiff's injury is not fully compensable by monetary damages and, thus, warrants injunctive relief pursuant to 15 U.S.C. § 1116.

71. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to the valuable Mercury family of trademarks, and other damages in an amount to be proved at trial.

## COUNT VI
### Defendant Should be Enjoined from Infringing the Mercury Medical Marks

72. Plaintiff re-alleges paragraphs 1 – 71 above.

73. Plaintiff suffers irreparable injury because Defendant's acts deprive Plaintiff of the exclusive right to use the Mercury family of trademarks for medical products.

74. Remedies available at law, such as monetary damages, are inadequate to compensate for Plaintiff's injury because Defendant continues to advertise, market, and sell medical systems under the Mercury Medical mark.

75. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted because Plaintiff has a substantial financial investment in the Mercury family of trademarks and the associated goodwill, which is adversely impacted by Defendant's improper use of the Mercury Medical mark.  Defendant's financial losses arising from its inability to sell its products using the Mercury Medical mark is substantially outweighed by Plaintiff's financial investment in and the goodwill associated with the Mercury family of trademarks.

76. The public interest would not be disserved by a permanent injunction because the public interest is served by preventing consumer confusion in the marketplace.

77. Pursuant to 15 U.S.C. § 1116, Defendant should be preliminarily and permanently enjoined from using the Mercury Medical mark or any mark confusingly similar to the Mercury family of trademarks for advertising or sale of Defendant's medical products and services.

**WHEREFORE**, Plaintiff, Mercury Enterprises Inc., demands judgment against Defendant for the following relief:

A. Entry of preliminary and permanent injunctions under 15 U.S.C. § 1116 enjoining Defendant from infringing Plaintiff's marks, and engaging in unfair and deceptive trade practices and unfair competition;

B. Awarding Plaintiff judgment against Defendant under 15 U.S.C. § 1117 for the damages Plaintiff has sustained, the profits Defendant has derived as a result of their actions,

and Plaintiff's costs incurred in connection with this action;

C. Finding an exceptional case and awarding Plaintiff its attorneys' fees incurred in connection with this action pursuant to 15 U.S.C. § 1117.

D. Finding Defendant violated 15 U.S.C. § 1114(1)(a) involving use of a counterfeit mark or designation and awarding Plaintiff treble damages, prejudgment interest, and a reasonable attorney's fee all in accordance with 15 U.S.C. § 1117; and

E. Awarding Plaintiff such other relief as this Court may deem just and proper.

## Demand for Jury Trial

Plaintiff, Mercury Enterprises Inc., demands trial by jury on all matters so triable.

Dated: February 24, 2012

 s/ *Nathan P. Suedmeyer*
 Nathan P. Suedmeyer, Esq.
 Fla. Bar # 70787
 nathan@larsonpatentlaw.com

 H. William Larson, Esq.
 Fla. Bar # 969930
 bill@larsonpatentlaw.com

 Justin P. Miller, Esq.
 Fla. Bar # 84495
 justin@larsonpatentlaw.com

 LARSON & LARSON, P.A.
 11199 69th Street
 Largo, FL  33773
 (727)-546-0660 tele
 Trial Counsel for Plaintiff