UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MERCURY ENTERPRISES, INC.,**
A Florida Corporation

    Plaintiff,

v.                                                           Case No. 8:12-cv-417-T-30MAP

**VESTA MANAGEMENT GROUP, LLC**
**d/b/a MERCURY MEDICAL SYSTEMS,**
a Michigan Limited Liability Company,
and **DR. FARIDEH BAGNE**, an individual,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Vesta Management Group, LLC, d/b/a Mercury Medical Systems and Dr. Farideh Bagne's Motion to Dismiss (Dkt. 16), Plaintiff's Response in opposition (Dkt. 19) and Defendants' reply (Dkt. 22). Upon review The Court concludes that Defendants' Motion should be granted in part and this action should be transferred to the United States District Court for the Eastern District of Michigan.

## BACKGROUND

Plaintiff Mercury Enterprises, Inc. ("Mercury Enterprises"), seeks damages and injunctive relief against Defendant Vesta Management Group, LLC ("Vesta") and Defendant Dr. Farideh Bagne ("Bagne") for violating its marks. Defendants have moved to dismiss the complaint for lack of personal jurisdiction and failure to state a cause of action. Because the

Court concludes there is no personal jurisdiction over the defendants, it will defer to the transferee court on whether the complaint states a cause of action. As to the personal jurisdiction issues, the parties agree on the facts, but disagree on the legal conclusions to be drawn from them.

Plaintiff markets and sells its medical supplies and surgical equipment under the Mercury® trademark, the Mercury Medical® trademark, and the Mercury Medical® stylized trademark (collectively referred to as the "Mercury family of trademarks"). Plaintiff developed a website, [http://mercurymed.com](http://mercurymed.com), displaying images of Plaintiff's products and advertisements using the Mercury family of trademarks. As a result of Plaintiff's continuous and uninterrupted use of, exhaustive advertising efforts for, and countless expenditures on the Mercury family of trademarks for more than thirty years, the relevant consuming public associates the Mercury family of trademarks exclusively with Plaintiff. Plaintiff alleges that Vesta currently uses the Mercury Medical mark to advertise Vesta's services on the website [http://mercurymedical.org](http://mercurymedical.org). Vesta's use of the Mercury Medical mark is without the consent and permission of Plaintiff.

Defendant provides personalized coding, federal and state billing, collections and electronic health recording services for use in the medical industry ("Vesta's services"). Vesta is registered as a limited liability company with the State of Michigan. All of Vesta's current and former clients are either within the metropolitan Detroit area or in Flint, Michigan. Vesta's one and only office is located at 1699 Cass Lake Road, Keego Harbor, Michigan. Vesta uses the Mercury Medical mark to advertise, promote, and market Vesta's services and,

as of August 6, 2009, used the http://mercurymedical.org, to advertise Vesta's services using the Mercury Medical mark.

Plaintiff notified Vesta in writing of Plaintiff's ownership of the Mercury family of trademarks and requested Vesta abandon its unauthorized use of the Mercury Medical mark on or about August 30, 2011. Despite receiving this letter, Vesta continues to use the Mercury Medical mark to advertise Vesta's services.

An earlier version of Vesta's website referenced a location at 8231 Bay Colony Drive, Suit 901, Naples, Florida 34108. The address is for the beach front condominium of Dr. Farideh Bagne. The condominium was never used for any business purposes. In fact, the condominium documents prevent such use.

## DISCUSSION

### I.  Standard of Review on a Motion to Dismiss

Determining the propriety of granting a motion to dismiss requires courts to accept all factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff"'s complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts

that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II. Defendants' Motions to Dismiss

### A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(2)

Plaintiff's First Amended Complaint alleges personal jurisdiction under two provisions of Florida's long arm statute, Fla. Stat. §48.193(1)(b) and §48.193(1)(c). First, Florida's long-arm statute permits personal jurisdiction over any person, whether or not a citizen or resident of the state who commits a tortious act within the state. Fla. Stat. §48.193(1)(b). Plaintiff alleges that Defendant Vesta caused injury within Florida by infringing Plaintiff's trademarks on Vesta's website. This allegation focuses on alleged injuries occurring within Florida as a result of actions occurring in Michigan. The First Amended Complaint satisfies §48.193(1)(b) because it alleges Sally Barlowe, a Florida resident, accessed Vesta's website in Florida.

But in addition to showing the satisfaction of the Florida Long Arm statute, a plaintiff must also show a defendant has at least "minimum contacts" with the state of Florida. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). When examining "minimum

contacts" the Court looks to see if the defendant has conducted activity in the state, such as selling products or performing services, if the party benefits from Florida law, solicits business through salespersons or through advertising reasonably calculated to reach Florida or if they seek to serve the Florida market. *Id.*

Plaintiff's complaint fails to allege that Vesta has the minimum contacts necessary to satisfy Due Process requirements because the address listed on Vesta's website is for residential use only. Plaintiffs complaint fails to allege that Vesta would be able to operate, conduct, engage in, or carry on business at this location. Plaintiffs also fail to allege that Vesta has business contacts, clients, or revenue generated from the State of Florida. Further, the complaint also fails to show that Vesta purposefully directs its activities to Florida. The Plaintiffs complaint only demonstrates that Vesta's services were available to Michigan residents, were only conducted at their Michigan office, and Vesta never intended to conduct business in Florida. Vesta couldn't reasonably anticipate being haled into court in this forum. Therefore, because of the lack of "minimum contacts" with Florida, Fla. Stat. § 48.193(1)(b) can not provide jurisdiction in Florida over the Defendants.

Second, pursuant to Fla. Stat. § 948.193(1)(c), personal jurisdiction is permitted over any person, whether or not a citizen or resident of the state who owns, uses, possesses, or holds a mortgage or other lien on any real property within the state when the cause of action arises out of the ownership of real property in Florida. That statute is not satisfied here because the cause of action pled does not arise out of ownership of property. *See Nichols v. Paulucci*, 652 So. 2d 389, 393 (Fla. Dist. Ct. App. 1995).

Plaintiff requested discovery for issues relevant to personal jurisdiction. This request is denied because the undisputed facts show that discovery is highly unlikely to reveal facts demonstrating minimum contacts with Florida.

**B.     Transfer**

To prevent the waste of time, energy, and money in re-filing the complaint and for the convenience of all the parties, the Court will transfer this action to the United States District Court for the Eastern District of Michigan.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant Vesta Management Group, LLC and Dr. Farideh Bagne's Motion to Dismiss (Dkt. 16) is hereby granted in part as to personal jurisdiction but the case is not dismissed.

2.     The Clerk is directed to transfer this action to the United States District Court for the Eastern District of Michigan for all further proceedings.

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-417.mtd 16.wpd